IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-95-142-22 |
| | } | CIVIL ACTION NO. H-03-3732 |
| LAZARO MORENO, | } | |
| *Defendant-Petitioner* | } | |

## MEMORANDUM AND ORDER

Presently before the Court are Petitioner Lazaro Moreno's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 5196); the Government's response and motion to dismiss (Doc. 5310); Petitioner's response to the Government's motion to dismiss (Doc. 5343); Petitioner's notice of judicial cognizance (Doc. 5409); the Magistrate Judge's Memorandum and Recommendation (Doc. 5529); and Petitioner's objections to the Magistrate Judge's Memorandum and Recommendation (Doc. 5560).

Petitioner's first objects to the Magistrate's recommendation that Petitioner's Notice of Judicial Cognizance be construed as a motion to amend. Petitioner states, "Said Notice is exactly what it proposes to be, vis-a-vis, a simple Notice seeking only to inform and enlighten the Court as to new authority which was decided after Movant's § 2255 Motion was filed and may have a bearing on the final outcome of his § 2255 proceedings, and by doing so, it sought simply to preserve the issue for future review, which it did as a matter of record." See Petitioner's Objections at 2-3. Because the court agrees with the Magistrate Judge's finding that Petitioner's claim is time-barred, Petitioner's objection is of questionable significance. Nevertheless, the court accepts Petitioner's representation and sustains his objection.

Petitioner next objects to the Magistrate Judge's recommendation that his motion be denied as time-barred. Specifically, Petitioner argues that because the court did not recite, in court, words to the effect of "I now adjudge you guilty," Petitioner's case is still pending. This argument is not supported by the record. At Petitioner's rearraignment, after Petitioner pled guilty and executed the plea agreement, the court stated as follows:

> The Court: It is the finding of the court in the case of the United States versus Luis Moreno and the United States versus Lazaro Moreno that the Defendants are fully competent and capable of entering an informed plea; that the Defendants are aware of the nature of the charges and the consequences of their pleas, and that the Pleas of guilty are knowing and voluntary pleas supported by an independent basis in fact containing each of the essential elements of the offense.

Transcript of Rearraignment at 31 (Doc. 2700). The court then entered an order in the record stating that "defendant [Lazaro Moreno] has been found guilty on counts 1 & 5." *See* Order (Doc. 2593). Accordingly, Petitioner's objection is overruled.

After carefully considering the record and the applicable law, the Court concludes that the Government's motion to dismiss (Doc. 5217) should be **GRANTED,** Moreno's motion (Doc. 5178) should be **DENIED**, and that this § 2255 proceeding should be **DISMISSED**. The Court adopts the Magistrate Judge's Memorandum and Recommendation except as otherwise stated herein.

**SIGNED** at Houston, Texas, this 27th day of September, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE